UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| HECTOR SANDOVAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-4135 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Honorable Joe B. McDade |
| | ) | |
| Respondent. | ) | |

## OPINION & ORDER

This matter is before the Court on the "Petitioner's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence" (Doc. 9). The matter has been fully briefed and is ready for disposition. For the reasons stated below the motion is GRANTED. Petitioner's conviction for using or carrying a firearm in furtherance of a kidnapping offense is VACATED.

### BACKGROUND

On August 28, 2002, Hector Sandoval was convicted by a jury of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and using and carrying a firearm during that kidnapping—a "crime of violence"—in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to 120 months imprisonment for kidnapping, 120 consecutive months for the use and carry conviction, and three years of supervised release. His conviction and sentence were affirmed on appeal. *United States v. Sandoval*, 347 F.3d 627 (7th Cir. 2003). On September 1, 2004, in post-conviction proceedings, Sandoval filed a motion under 28 U.S.C. § 2255 to vacate or correct his sentence in the criminal case. He later filed an amended § 2255 motion along with a supporting memorandum of

1

law on April 28, 2005. (Docs. 13 and 14, No. 4:04-cv-4056). In that motion, Sandoval argued that he was actually innocent of the crimes for which he was convicted (Doc. 2 at 2, No. 4:04-cv-4056). That § 2255 motion was denied by this Court on September 25, 2007 (Doc. 25, No. 4:04-cv-4056). Sandoval filed a Motion for Certificate of Appealability (Doc. 28, No. 4:04-cv-4056), which was denied by this Court (Doc. 30, No. 4:04-cv-4056), but granted by the Court of Appeals on April 15, 2008. The denial of the § 2255 motion was then ultimately affirmed in *Sandoval v. United Sates*, 574 F.3d 847 (7th Cir. 2009). Sandoval then filed a Rule 60(b) motion for relief from the denial of the § 2255 motion (Doc. 46, No. 4:04-cv-4056) that was denied (Doc. 47, No. 4:04-cv-4056), as was his Rule 59(e) motion for reconsideration (Doc. 48, No. 4:04-cv-4056) of the order denying the Rule 60(b) motion. (Text Order, August 15, 2011, No. 4:04-cv-4056). No appeal was taken from the dispositions of those motions.

On September 3, 2014, Sandoval again filed a motion under Federal Rule of Civil Procedure 60(b)(6) to reopen habeas proceedings. (Docs. 53 and 56, No. 4:04-cv-4056). On September 8, 2014, this Court denied the Rule 60(b) motion because the motion did not implicate any of the permissible grounds authorized by Rule 60(b) and it was clear that Sandoval was merely attempting to utilize Rule 60 as either an appeal of the denial of his prior § 2255 motion or as a substitute for a properly authorized successive § 2255 motion. (Doc. 54 at 3-4, No. 4:04-cv-4056).

On December 16, 2014, Sandoval filed a letter with the Court seeking resentencing for his criminal convictions to a term of time served. (Doc. 58, No. 4:04-cv-4056). In the letter, Sandoval again attempted to invoke the jurisdiction of the district court to gain freedom on the basis of actual innocence. However, in his letter,

Sandoval sought for the Chief Judge of the Central District of Illinois to unilaterally resentence him for his criminal convictions. The Court explained that to properly pursue an actual innocence claim, Sandoval must follow the avenues laid out for him at Chapter 153 of Title 28 of the United States Code. *See* 28 U.S.C. § 2241 *et. seq.*

On January 28, 2015, Sandoval filed yet another petition for habeas relief under 28 U.S.C. § 2241. The Court dismissed the petition as it found the petition to be a successive attempt to press claims of innocence that Sandoval had previously put before the Court.

Then, on June 20, 2016, Sandoval filed an application pursuant to 28 U.S.C. § 2244(b)(3) in the Seventh Circuit Court of Appeals requesting authorization to file a successive motion under 28 U.S.C. § 2255. In it, Sandoval explained that he wished to challenge his conviction under 18 U.S.C. § 924(c) for using and carrying a firearm while committing a crime of violence. The crime of violence upon which his § 924(c) conviction rested was kidnapping in violation of 18 U.S.C. § 1201(a). The Seventh Circuit noted that this Court's characterization of kidnapping as a crime of violence was suspect in light of *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015) and that the question of whether *Johnson* applied to § 924(c) was best left to this Court where the issue could be better fully developed and addressed.

The Supreme Court held in *Johnson* that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) was void for vagueness. 135 S. Ct. at 2563. A year later, that court held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 2016 U.S. LEXIS 2451 (U.S. Apr. 18, 2016). After Sandoval filed his application, the Seventh Circuit held that the residual clause of 18 U.S.C. §

3

924(c)(3)(B) is void for vagueness under *Johnson*. *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016). Section 924(c)(3)(B) defined a "crime of violence" as "an offense that is a felony and… that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." On February 2017, the Seventh Circuit also held that kidnapping in violation of 18 U.S.C. § 1201(a) does not have as an element the use, attempted use or threatened use of physical force against the person such that it could satisfy the so-called Force clause of § 924(c)(3)(A). *United States v. Jenkins*, 849 F.3d 390, 393-94.

**LEGAL STANDARDS**

Section 2255 of Title 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 relief is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting fundamental defects that result in complete miscarriages of justice. *E.g.*, *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds by *United States v. Ceballos*, 26 F.3d 717 (7th Cir. 1994). "A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United*

4

*States*, 318 F.3d 754, 760 (7th Cir. 2003) (citing *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995)). Generally, a 2255 motion must be filed within one year of the date the judgment against the movant became final. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court... denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). However, sub-paragraph (f)(3) provides that a 2255 motion may be timely if it is brought within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

## DISCUSSION

**I.    Sandoval's Petition is Timely.**

The Government contends that Sandoval's challenge is actually untimely because the literal requirements of 28 U.S.C. § 2255(f)(3) are supposedly not met. The statute provides that a "one year period of limitation shall apply to a motion under [section 2255]. The limitation period shall run from the latest of... (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...." 28 U.S.C. § 2255(f)(3). Sandoval contends that his § 924(c) conviction cannot stand in light of *Johnson* and the Government contends that because the Supreme Court has not yet specifically recognized the rule of *Johnson* to apply to § 924(c), Sandoval's challenge cannot be deemed timely under § 2255(f)(3).

5

The Court finds that Sandoval's challenge is timely. Sandoval filed his application pursuant to 28 U.S.C. § 2244(b)(3) on June 20, 2016, which was within one year of the Supreme Court's decision in *Johnson v. United States*, June 26, 2015. Although the filing of this action occurred several years after Sandoval's actual conviction, the Court finds that the exception contained in § 2255(f)(3) applies. Despite the Government's contentions, the Court finds the *Johnson* holding, although explicitly dealing with 18 U.S.C. § 924(e)(2)(B) of the ACCA, actually applies in scope to all criminal statutes that utilize the two-step categorical framework in the manner the ACCA did in 18 U.S.C. § 924(e)(2)(B). The Government is correct that *Johnson* and *Welch* both contain language that superficially warns courts from applying their holdings to "the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion.'" *Welch*, 136 S. Ct. at 1262 citing *Johnson*, 135 S. Ct. at 2561. But it is equally clear that their holdings extend to statutes that either criminalize conduct or set sentences for conduct and ask the courts to determine the kind of conduct that the crime involves in "the ordinary case" in an indeterminate fashion and then to assess whether that ordinary case of the crime presents a serious potential risk of physical injury. *Welch*, 136 S. Ct. at 1262. That analysis is what the Seventh Circuit applied in depth in *United States v. Vivas-Ceja*, 808 F.3d 719, 722–23 (7th Cir. 2015), in analyzing 18 U.S.C. § 16(b), and it is also what that court applied in a cursory fashion in *Cardena*, 842 F.3d at 997, in analyzing § 924(c). Thus, in this judicial circuit at least, *Johnson* is regarded to have already supplied the right to effectuate the exception of § 2255(f)(3) when challenging a criminal statute that operates as the residual clause of 18 U.S.C. § 924(e)(2)(B) did.

That right is the privilege to not be subjected to a criminal statute that first asks the court to determine the kind of conduct that the crime involves in "the ordinary case" in an indeterminate fashion and then to assess whether that ordinary case of the crime "presents a serious potential risk of physical injury." *See Vivas-Ceja*, 808 F.3d 719, 722 (7th Cir. 2015).

In support of its position, the Government cites a few district court cases[1] for the proposition that *Johnson* does not implicate § 2253(f)(3) for cases that do not involve the ACCA. In the first case, *Davis v. United States*, 2017 WL 3129791 (E.D. Wis. July 21, 2017), the court did not conclude as a general matter that *Johnson* does not implicate § 2253(f)(3) for cases that do not involve the ACCA. Instead, the *Davis* court analyzed the specific question of whether a challenge to the pre-*Booker* Sentencing Guidelines was within the scope of *Johnson*. It found that it was not, primarily because the Guidelines are not of the same legal status and heft as a statute and thus the Guidelines do not operate in the same fashion as a statute. *Id*. at * 3-6. The *Davis* court characterized the issue of timeliness as hinging on a dispute over the scope of the new right recognized by the Court in *Johnson*, with the petitioner arguing that the right recognized by the *Johnson* court was the broad right to be resentenced without a vague residual clause and the Government arguing that there was no such right, particularly in light of *United States v. Beckles*, 137 S. Ct. 886 (2017), where the Supreme Court found held that the advisory Sentencing Guidelines were not

---

[1] The Government also cites some appellate cases from other judicial circuits, but since this Court is located in the Seventh Circuit it will focus on cases from within its own jurisdiction.

subject to a vagueness challenge under the Due Process Clause because they were not a statute that fixed sentences like the ACCA does. At the end of the day, all the *Davis* court concluded was that a motion raising a *Johnson*-based challenge against the mandatory Sentencing Guidelines' residual clause is not properly raised pursuant to § 2255(f)(3).

Another of the district court cases the Government cites concluded that "the Supreme Court has not addressed whether Johnson applies to the residual clause of Section 924(c)(3)(B)." *United States v. Jackson*, No. CR 09-20124-01-KHV, 2017 WL 2807700, at *2 (D. Kan. June 29, 2017). As should be evident from the foregoing discussion, this Court disagrees with that conclusion and is of the opinion that courts such as the *Jackson* court are reading *Johnson*'s holding too myopically.

As discussed above, this Court does not believe *Johnson* merely applies to the ACCA's residual clause for purposes of § 2255(f)(3). Instead, this Court—aided by the Seventh Circuit's holdings in *Vivas-Ceja* and *Cardena*—finds that the right recognized in *Johnson* applies to criminal statutes that operate as the residual clause of the ACCA did.

This conclusion is buttressed by the fact that the Seventh Circuit itself granted Sandoval's application pursuant to 28 U.S.C. § 2244(b)(3) in which Sandoval sought authorization to file a successive motion to vacate under § 2255 to challenge his § 924(c) conviction. Moreover, the Seventh Circuit specifically directed this Court to reach the substance of the claim as to whether *Johnson* reached § 924(c)'s residual clause. (*See* Doc. 1-1). The one year limitations restriction found in 28 U.S.C. § 2255(f)(3) is also found in 28 U.S.C. § 2244(d)(1)(C) and if the Seventh Circuit

seriously thought the right announced by the Supreme Court in *Johnson* was insufficient to satisfy § 2255(f)(3) then it would not have granted Sandoval's application in the first place; instead, it would have denied the application pursuant to § 2244(d)(1)(C).

For the reasons stated above, the Court finds Sandoval's challenge is timely.

## II. Sandoval Did Not Procedurally Default His Claim.

The Government's contention that Sandoval procedurally defaulted his claim is based on the same contention that *Johnson* did not set forth a new rule of constitutional law regarding § 924(c) to satisfy § 2255(f)(3). As discussed above, the Court does not agree with that contention. *Johnson* set forth a new rule of constitutional law regarding any criminal statute that operates in the manner that the residual clause of the ACCA, codified at 18 U.S.C. § 924(e), did and *Welch* made that holding retroactive to cases on collateral review. (*See* Doc. 1-1).

## III. Sandoval's Conviction Under 924(c) Cannot Stand.

The Seventh Circuit has held that under the rule of *Johnson*, the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Cardena*, 842 F.3d at 996. The only clause left, the so-called Force clause of 18 U.S.C. § 924(c)(3)(A), has been held not to include the offense of kidnapping under 18 U.S.C. § 1201(a). *Jenkins*, 849 F.3d at 393-94. Sandoval was convicted by a jury of kidnapping in violation of 18 U.S.C. § 1201(a) (1) and using and carrying a gun during that kidnapping in violation of 18 U.S.C. § 924(c)(1)(A). His § 924(c) conviction cannot stand. It must be vacated and the matter remanded to the criminal docket for resentencing.

## CONCLUSION

For the reasons set forth above, Petitioner's "Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" filed on April 5, 2017 (Doc. 1) is GRANTED and Petitioner's conviction for using and carrying a firearm during a kidnapping in violation of 18 U.S.C. § 924(c)(1)(A) in *United States v. Sandoval*, No. 4:99-cr-40019-JBM-2 (C.D. Ill.) is VACATED. This civil action is now TERMINATED. SO ORDERED.

Entered this 5th day of October, 2017.

                                                                   s/ Joe B. McDade
                                                                     JOE BILLY McDADE
                                          United States Senior District Judge